IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,607-02






EX PARTE DAVID WAYNE MCCALL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F96-03061-WJ 


 IN THE CRIMINAL DISTRICT COURT NO. 3 FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). After a plea of nolo contendere and a period
of deferred adjudication, Applicant was convicted of sexual assault and sentenced to life
imprisonment. Fifth Court of Appeals dismissed his appeal for want of jurisdiction. McCall v.
State, No. 05-99-01141-CR (Tex. App.-Dallas March 30, 2000).

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
by telling Applicant that he would not have to register as a sex offender for this offense and by
telling him that his deferred adjudication supervision could not be revoked because of one dirty
urinalysis. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel, at time of the initial plea,
mistakenly informed Applicant that he would not have to register as a sex offender for this offense. 
The trial court shall make findings as to whether counsel, at the time of the adjudication of
Applicant's guilt, informed him that one dirty urinalysis could not result in the revocation of his
community supervision. The trial court shall make findings of fact and conclusions of law as to
whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 23, 2013

Do not publish